1  CRISTINA L. TALLEY, CITY ATTORNEY
   GREGG M. AUDET, DEPUTY CITY ATTORNEY
2  SBN 158682
   E-mail: gaudet@anaheim.net
3  200 S. Anaheim Boulevard, Suite 356
   Anaheim, CA 92805
4  Tel:  714-765-5169
   Fax:  714-765-5123
5
   Attorneys for Defendants City of Anaheim,
6  Chief John Welter, Deputy Chief Craig Hunter and
   Officers Michael Brown, Bruce Linn, Kelly Phillips,
7  Nathan Stauber, and Phillip Vargas

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  Jennifer Cruz, Individually and on          Case No.  CV10-03997 MMM (JEMx)
    behalf of the Estate of Ceasar Cruz,
12  and as Guardian Litem for R.C.,             SECOND PROTECTIVE ORDER RE
    C.C., C.C., and M.C., all minors,          CONFIDENTIAL INFORMATION
13  Theresa Smith, Individually, and as
    Guardian Ad Litem for M.C., A
14  minor, Leonard Cruz, Individually,

15          Plaintiffs,

16  vs.

17  THE CITY OF ANAHEIM, a
    Governmental Entity, CHIEF JOHN
18  WELTER, DEPUTY CHIEF CRAIG
    HUNTER and DOES 1-10.
19
            Defendants.
20

21

22       Based on the stipulation of plaintiffs Jennifer Cruz, individually and as

23  Guardian Ad Litem for minors R.C., C.C., C.C., and M.C., Theresa Smith,

24  individually and as Guardian Ad Litem for minor M.C., Leonard Cruz

25  (collectively "Plaintiffs"), and defendants City of Anaheim, John Welter, Craig

26  Hunter, Mike Brown, Bruce Linn, Kelly Phillips, Nathan Stauber and Phillip

27  Vargas (collectively "Defendants"), through their respective attorneys of record,

28  the Court hereby enters the following protective order:

1.     This Protective Order applies to and governs the use of certain confidential police officer personnel information relevant to the shooting of Caesar Cruz or its aftermath which is being disclosed to Plaintiffs by Defendants.  This Order concerns information sought by Plaintiffs from Anaheim and defendant police officers Mike Brown, Bruce Linn, Kelly Phillips, Nathan Stauber and Phillip Vargas (collectively "Officers") that would require intrusion into each of the Officer's respective personnel files, which include internal affairs files, administrative review files, and other private, privileged and confidential files.  The information sought may include: (1) all complaints of misconduct against each of the Officers; (2) all findings and disciplinary actions taken against each of the Officers by the Anaheim Police Department ("APD"); and (3) personal background information concerning each of the Officers (hereinafter referred to as "Confidential Information").  The term Confidential Information includes the information described above, and any documents containing such information.

2.     Good cause exists for this Order because the Confidential Information was acquired in confidence by public employees in the course of their duties and has not been officially disclosed or made open or available to the public.  The APD has scrupulously maintained the confidentiality of such information.

Public disclosure of Confidential information concerning complaints of misconduct and disciplinary actions to the general public would be contrary to the public interest because: (a) it would publicly reveal the inner workings and disciplinary processes of the APD, and impair Anaheim's investigative processes; (b) future APD investigations would be hindered because releasing the contents of Internal Affairs investigations would discourage future witness participation; (c) the Officers' privacy interest in their confidential personnel records would be injured because the disclosure of investigatory materials contained within confidential personnel records of Anaheim police officers may reveal the investigation or

1   imposition of disciplinary action against specific officers, which is confidential

2   under California law; (d) some of the factual information contained within such

3   investigatory materials is inextricably intertwined with privileged advisory

4   opinions, deliberations, conclusions, mental impressions, recommendations and/or

5   evaluations comprising part of a process by which governmental decisions and

6   policies on discipline are formulated; (e) it is essential to meaningful, ongoing self-

7   examination of APD policies and procedures that the Confidential Information be

8   protected; (f) public disclosure will make it far less likely that policy and procedure

9   deficiencies will be detected, remedied and in some cases changed; and (g) Public

10  disclosure would result in a negative impact on witnesses participating in future

11  Internal Affairs investigations, and a decrease in candor during Internal Affairs

12  investigations.

13      Public disclosure of Confidential information concerning the Officers'

14  personal information would be invasive of their rights to privacy, and might subject

15  the Officers to potential harassment or danger from individuals who harbor ill will

16  towards any of the Officers or police officers in general.  Personal information

17  about individual police officers is generally not available to the public for this

18  reason.  Disclosure of the Officers' respective medical information, family

19  information or credit history would also violate the reasonable expectations of

20  privacy the Officers hold with respect to this information.

21

22      3.   Plaintiffs' counsel shall use the Confidential Information solely for the

23  purposes of this litigation, and shall not disclose any portion of the Confidential

24  Information to any other person, firm or corporation except:

25           a.   Bona fide employees of counsel's law offices, and then only to the

26                extent necessary to enable said persons to assist in litigation of this

27                action;

28

b.  Plaintiffs, to the extent deemed necessary by counsel for the prosecution of this litigation

c.  Expert witnesses employed by the parties to this action;

d.  Consultants retained by the parties to this action; or

e.  The Court.

4.    All persons described in paragraph 2 (a) through (e) above shall not disclose any portion of said Confidential Information and shall not use any information obtained therefrom except in conformance with this Protective Order and for purposes of this litigation.  Any party who discloses Confidential Information to any person described in paragraph 2 (a) through (d) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this action, and shall, prior to disclosure of the Confidential Information, have such person execute a written understanding and agreement to be bound by this Order.

5.    Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential: Do Not Disclose Except By Court Order."  Any party that wishes to submit documents containing Confidential Information to the Court shall comply with the provisions of Local Rule 79-5.1, including the filing of a written application and a proposed order to obtain the Court's approval.  Materials containing Confidential Information may only be filed in the manner prescribed by Local Rule 79-5.

6.    The attorneys for Plaintiffs are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent

1   persons not authorized as provided above from obtaining access to any such

2   Confidential Information.

3

4        7.   Production of the Confidential Information protected by this Order shall

5   not constitute a waiver of any privilege or confidentiality or privacy right.  The

6   parties retain the right to assert all substantive objections to the Confidential

7   Information, including but not limited to relevancy, hearsay, privacy, privilege, and

8   Rule 403 of the *Federal Rules of Evidence*.

9

10       8.   At the conclusion of this action, all documents containing Confidential

11  Information, all copies and extracts thereof, with the exception of those documents

12  affected by the attorney work-product doctrine or attorney-client privilege, shall be

13  returned to counsel for Defendants.  As to those documents protected by the

14  attorney work-product doctrine or attorney-client privilege, Plaintiffs and their

15  counsel agree that any and all such documents shall either be redacted and returned

16  to Defendants' counsel or shall be destroyed.

17

18

19                              **<u>ORDER</u>**

20       **It is so ORDERED.**

21

22

23  Dated:  November 10, 2011          */s/John E. McDermott*_____
                                         Hon. John E. McDermott
24                                       United States Magistrate Judge

25

26

27  86816

28

- 5 -